# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>JOHN C. TANIS, III<br>　　　　　　　　　　　Debtor<br><br>JOHN C. TANIS, III<br>　　　　　　　　　　　Plaintiff<br>　　v.<br>STEPHEN G. BRESSET, ESQ.<br>　　　　　　　　　　　Defendant | Chapter　　　　7<br><br>Case Number:　　5-05-bk-54104-JJT<br><br>**Adversary Number: 5-15-ap-00199-JJT**<br><br>Document No.:　　5<br>Nature of<br>Proceeding:　　Motion to Dismiss pursuant to Rule 12(b)(6) and in the alternative for a More Definite Statement pursuant to Rule 12(e) |

# OPINION[1]

The Debtor initiated this adversary proceeding by filing what he captioned as a "Motion to Stay Disbursements-New Evidence." This 24 paragraph Complaint was met by a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2016\5-15-ap-00199-JJT_Tanis.pdf]

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

The Defendant, Attorney Bresset, argues in his Motion and supporting brief that the Complaint, which is "virtually incomprehensible" and does not plead any recognizable cause of action against him as a responding party, should therefore be dismissed. The Court has reviewed the averments of the Complaint and has determined that it presents nothing more than a rambling, incoherent recitation of disjointed facts and conclusions of law.

Based upon that review, the Court agrees with the position of the Defendant and will enter an Order dismissing the above-captioned adversary.

My Order will follow.

By the Court,

Date: March 28, 2016

John J. Thomas, Bankruptcy Judge
(CMS)